IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CONNIE LEESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CV 05-1227-TC |
| v. | ) | |
| | ) | OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

COFFIN, Magistrate Judge:

### INTRODUCTION

Plaintiff Connie Leese brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for Social Security Disability benefits under the Social Security Act. The Commissioner's decision is reversed and remanded for an award of benefits.

1 - OPINION AND ORDER

## **STANDARD OF REVIEW**

This court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405 (g); Andrews v.Shalala , 53 F.3d 1035, 1039 (9th Cir. 1995) .

"Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). When evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld. Andrews, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## **BACKGROUND**

Plaintiff was 51 years of age at the time of the ALJ's hearing On this matter. Plaintiff has obtained a high school education. She has performed past work as a receptionist, sales associate and cashier.

Plaintiff alleges disability beginning on May 19, 2001, based on combined impairments, the most critical of which are scoliosis, arthritis of the hip, degenerative disk disease and spondylosis at multiple levels throughout the lumbar and cervical spine, hypertension and the loss of an eye. The opinions of two physicians are set forth subsequently. Plaintiff's extensive medical record containing

documentation of numerous x-rays, CT scans and MRIs is set forth in detail at p.p. 3-9 of Plaintiff's Opening Brief (#6).

Dr. Ogisu

In April of 2003, about 11 weeks after a two-level lumbar decompression surgery was performed by Dr. Anton Eilers, plaintiff was sent to Tatsuro Ogisu for a comprehensive orthopedic examination. Among other things, Dr. Ogisu noted plaintiff had a decreased lumbar lodosis, her right shoulder was higher than her left, and the pelvis appeared higher on the right. He noted a resulting list in her spine and a decreased range of cervical motion, chronic back pain, leg length discrepancy, and scoliosis. Tr. 191-192. As to functional limitations, he stated that "the patient should be able to sit for 2 hours out of a 8-hour day, stand and walk for at least two hours out of an 8 hour day, and lift and carry up to 20 pounds on an occasional basis." Tr. 192.

Plaintiff subsequently underwent a second decompression surgery by Dr. Eilers in November of 2003.

Dr. Eilers

Dr. Anton Eilers is plaintiff's treating orthopedic surgeon. In a letter to plaintiff's attorney dated July 30, 2004, Dr. Eilers discussed some of the treatment he had given plaintiff, including two decompression surgeries, and a recent MRI. He noted that she had the two surgeries and "we are still having problems. Some of it could be due to the scoliosis she has" Tr. 271. He also opined,"I don't think she can do a lot of activities as far as stooping, twisting, turning and bending on any kind of repetitive basis because of back and leg pain. Her lifting should be limited to five pounds. I don't think she could sit or stand for any period of time and could not work for an eight-hour period of time." Tr. 272.

3 - OPINION AND ORDER

The ALJ's Findings

The ALJ found that plaintiff had the residual functional capacity to do work at modified sedentary exertion, with the ability to stand or walk 2 hours in an 8 hour day in fifteen minute increments, and sit throughout the day in 30 minute increments. The ALJ found that plaintiff could return to her past relevant work as a receptionist.

## DISCUSSION

Plaintiff makes several arguments for reversal, the first of which is dispositive. Plaintiff contends that the ALJ improperly discredited opinions from her treating and examining physicians.

The Ninth Circuit has stated:

> In Morgan, we held that "the opinion of the treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability." 169 F.3d at 600. "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). The ALJ, however, must present clear and convincing reasons for rejecting the uncontroverted opinion of a claimant's physician. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). Although the treating physician's opinion is given deference, the ALJ may reject the opinion of a treating physician in favor of a conflicting opinion of an examining physician if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Id. (citation and internal quotation marks omitted). The ALJ can "meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. (citation and quotation omitted). The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record. See id.; Morgan, 169 F.3d at 600. The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings. See Matney, 981 F.2d at 1019.

Thomas v. Barnhart, 278 F.3d 947, 956-957 (9th Cir. 2002)

4 - OPINION AND ORDER

The defendant Commissioner argues that Dr. Eilers' opinions were contradicted by the findings of Dr. Ogisu and state agency physicians Sharon Eder, M.D., and Linda Jenson, M.D. The latter two physicians are non-treating and non-examining physicians. Defendant Commissioner argues that because Dr. Eilers' opinions were contradicted, the ALJ need only set forth specific and legitimate reasons to reject Dr. Eilers' opinions. However, there is no conflicting opinion of an examining physician. Dr. Ogisu's opinion does not conflict with Dr. Eilers' opinion and the ALJ did not state that it does. As such, and in light of the medical evidence, the ALJ must present clear and convincing reasons for rejecting the uncontroverted opinion of Dr. Eilers.[1] The ALJ failed to do so.

As to Dr. Eilers' opinion, the ALJ stated:

> This assessment is considered, but Dr. Eiler did not refer to specific findings for his opinion. To be sure, the claimant has alleged pain and other symptoms consistent with severe degenerative disc disease and her clinical reports, and his opinion is adopted in that sense. But the assessment of a limitation to working less than eight hours is not supported by any rationale. None of his treatment notes support such a restriction. In fact, the claimant did work for eight hours at a job successfully, until she was asked to perform heavy exertions as part of moving the office.[2] Dr. Eiler's assessment is not adopted.

TR.18.

The ALJ's assertion that the assessment of a limitation to working less than eight hours is not supported by any rationale is not true. Dr. Eilers didn't think plaintiff could sit or stand for any period of time. He noted that plaintiff had two decompression surgeries and that they are still

---

[1] Even if the "specific and legitimate reasons" standard were applicable, it is not met in this case.

[2] The Commissioner does not comment on or argue this last statement by the ALJ regarding a job plaintiff held prior to meeting Dr. Eiler. Plaintiff testified that she had sitting problems at this job, TR 308, and was let go from a previous job for what she surmised was too much time taken off for her back, TR 310.

5 - OPINION AND ORDER

having problems, possibly from the scoliosis. He also noted other treatment and medication tried with plaintiff and a recently performed MRI scan. In addition, his treatment notes discuss her CT myelograms and MRI scans in more detail. It is true that none of Dr. Eilers' treatment notes specifically support a restriction of working less than eight hours a day, but plaintiff was not working at the time she saw Dr. Eilers, and, as such, the matter was apparently not at issue. , e.g., no employer was asking for such information. As such, Dr. Eilers' treatment notes do not contradict and are not inconsistent with his opinion as the Commissioner implies.[3] In addition, as an orthopedic surgeon, Dr. Eilers' opinion should have been given extra weight. An opinion from a specialist is given greater weight than those of other physicians because it is an "opinion of a specialist about medical issues related to his or her area of specialty." 20 C.F.R. §404.1527(d)(5);Benecke v. Barnhart, 379 F.3d. 587, 595, fnt. 4 (9th Cir. 2004).

As the ALJ has failed to provide legally sufficient reasons for rejecting the evidence of Dr. Eilers' opinion and there are no outstanding issues that must be resolved before a determination of disability can be made and it is clear from the record that the ALJ would be required to find plaintiff disabled if the evidence were credited, this action is remanded for an award of benefits. See, Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert.denied, 531 U.S. 1038 (2000); Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

---

[3]Moreover, the specific treatment notes pointed out by the Commissioner do not necessarily show contradiction or inconsistency and some appear to be impermissable post hoc rationalizations as they were not set forth by the ALJ.

6 - OPINION AND ORDER

## ORDER

Based on the foregoing, the decision of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. §405(g) for the calculation and award of benefits.

IT IS SO ORDERED.

DATED this 12 day of May, 2006.

_____
Thomas M. Coffin

United States Magistrate Judge

7 - OPINION AND ORDER